UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

---

GERALD GARCIA and
MARGARET GARCIA,

      Plaintiffs,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

      Defendant.

No. 08-CV-1130 BRB/WDS

---

ORDER GRANTING PLAINTIFFS' MOTION
TO REMAND TO STATE COURT

---

BALDOCK, Circuit Judge.[*]

---

In February 2008, a group of unknown individuals assaulted Plaintiff Gerald Garcia while he assisted another driver with apparent car trouble. Plaintiffs request compensation for their injuries under an insurance policy purchased from Defendant. Specifically, Plaintiff Gerald Garcia seeks money damages for his bodily injuries, while his wife, Plaintiff Margaret Garcia, seeks money damages for loss of consortium. Plaintiffs filed the original action in this case on October 29, 2008, in the Second Judicial District Court, Bernalillo County, New Mexico. Defendant, a

---

[*] Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation pursuant to 28 U.S.C. § 291(b).

corporation headquartered in Illinois, subsequently filed a notice of removal on December 4, 2008, transferring Plaintiffs' action to this Court.  Plaintiffs now move the Court to remand the case back to New Mexico State District Court, alleging the amount in controversy does not meet the required minimum to confer diversity jurisdiction upon this Court.  See 28 U.S.C. § 1332(a) (requiring the amount in controversy for civil actions between diverse citizens to exceed $75,000 in order for federal district courts to have original jurisdiction).  As stated  herein, Plaintiffs' Motion to Remand to State Court is granted.

## I.

When assessing whether diversity jurisdiction is present, the Court determines the amount in controversy "by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."  Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995).  The defendant seeking removal to federal district court has the burden of putting forth facts in the notice of removal to support the assertion that the amount in controversy exceeds $75,000.  See id.  In other words, the defendant must prove by a preponderance of the evidence, jurisdictional facts demonstrating more than "$75,000 [is] in play."  McPhail v. Deere & Co., 529 F.3d 947, 955 (10th Cir. 2008).

## A.

Plaintiffs' complaint is silent as to the dollar amount sought from Defendant. The complaint indicates, however, that Plaintiffs purchased Policy # 42 0412-F09-

31A from Defendants, "which provided the Plaintiffs with coverage for injuries and damages suffered through the acts or omissions of uninsured motorists." The complaint further states: "Plaintiffs are entitled to recover damages incurred as a result of the [assault] incident . . . under the Uninsured Motorist Coverage provisions of [Policy # 42 0412-F09-31A]." The complaint only requests *compensatory* damages and pre- and post-judgment interest. Thus, the amount in controversy is the compensation guaranteed under the insurance contract between Plaintiffs and Defendant—specifically the amount guaranteed under Policy # 42 0412-F09-31A.[1] See id. at 956 (noting that in breach of contract cases, the amount in controversy may be established by the contract's value); State Farm Mut. Auto. Ins. Co. v. Narvaez, 149 F.3d 1269, 1271 (10th Cir. 1998) ("Where insurance coverage is denied, the maximum amount in controversy is the maximum limit of the insurer's liability under the policy.").

The notice of removal states that Defendant's liability under Policy # 42 0412-F09-31A is limited to $50,000 per-person.[2] Because both Plaintiffs seek their own

---

[1] The Court notes that Plaintiffs' complaint seeks neither punitive damages, nor damages resulting from any alleged acts of bad faith by the Defendant. In addition, interest and costs are not considered when calculating the amount in controversy. See 28 U.S.C. § 1332(a).

[2] In the notice of removal, Defendant cites four other automobile insurance policies existing between Plaintiffs and Defendant. The complaint, however, only seeks compensation under Policy # 42 0412-F09-31A. Thus, the other policies listed by Defendant are irrelevant and the Court will not consider them in determining the amount in controversy.

damages, at first blush, the contract might suggest that the maximum amount in controversy is $100,000, *i.e.*, $50,000 per-person. Plaintiff Gerald Garcia is the only individual, however, to have sustained injuries as a direct result of the assault. Plaintiff Margaret Garcia seeks damages for loss of consortium *resulting from Gerald Garcia's injuries*. Generally, under New Mexico law, loss of consortium is *not* a separate bodily injury for the purposes of insurance coverage. See Gonzales v. Allstate Ins. Co., 921 P.2d 944, 946-47 (N.M. 1996).[3] Plaintiff Margaret Garcia's loss of consortium, therefore, is derivative of Plaintiff Gerald Garcia's injuries and is subsumed by the per-person limit on her husband's recovery under the policy, which caps Defendant's liability at $50,000. See id.; Wiard v. State Farm Mut. Auto. Ins. Co., 50 P.3d 565, 567 (N.M. Ct. App. 2002) (holding that because the plaintiff's loss of consortium "resulted from bodily injury to his daughters, his claims [were]

---

[3] The Court recognizes that whether a plaintiff's loss of consortium is separate from another plaintiff's bodily injuries may depend on the specific language of the policy in question. See Gonzales, 921 P.2d at 946. Defendant, however, has the burden of demonstrating that Policy # 42 0412-F09-31A would allow the Court to conclude Plaintiff Margaret Garcia's loss of consortium could be considered a bodily injury separate and apart from her husband's injuries. See Laughlin, 50 F.3d at 873 (noting the burden is on the party requesting removal to set forth facts in the removal notice itself that the amount in controversy meets diversity jurisdiction requirements). Defendant did not include the specific policy language in the notice of removal and, therefore, failed to carry this burden. Accordingly, we assume Policy # 42 0412-F09-31A is in-line with those cases already considered by New Mexico Courts in which loss of consortium is *not* considered a separate injury under the insurance policy. See Gonzales, 921 P.2d at 947; Wiard v. State Farm Mut. Auto. Ins. Co., 50 P.3d 565, 567 (N.M. Ct. App. 2002); see also Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001) (noting that uncertainties are resolved in favor of remand).

derivative of, and subsumed by, the policy limits . . . of his daughters' claims").

Thus, based upon the complaint and notice of removal, the Court concludes the maximum amount in controversy here is $50,000.[4]  See Narvaez, 149 F.3d at 1271 ("Where insurance coverage is denied, the maximum amount in controversy is the maximum limit of the insurer's liability under the policy.").  Because $50,000 does not exceed the $75,000 minimum required to establish diversity jurisdiction, see 28 U.S.C. § 1332(a), jurisdiction is lacking here and the Court must remand to New Mexico State District Court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case shall be remanded.").

## B.

Plaintiffs also request an award of costs and attorney's fees for the filing of their Motion to Remand.  When remanding an action to state court, district courts "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Id.  The Supreme Court, however, has instructed that, "*[a]bsent unusual circumstances*, courts may award attorney's fees under § 1447(c) *only* when the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)

---

[4]   The affidavit attached by Defendant in its Response in Opposition to Plaintffs' Motion to Remand to State District Court confirms that $50,000 is the per-person limit on Policy # 42 0412-509-31A.  Thus, the affidavit does not alter the Court's ultimate conclusion that $50,000 is the maximum amount in controversy.

(emphasis added).  If "an objectively reasonable basis exists, fees should be denied."
Id.

The Court cannot conclude that Defendants lacked an "objectively reasonable basis for seeking removal."  Id.  First, the face of the complaint is silent as to the dollar amount requested by Plaintiffs.  See McPhail, 529 F.3d at 955 (noting that when the complaint does not make an explicit demand for damages, a defendant may rely on an estimate of potential damages).  Second, Plaintiffs' asserted damages for loss of consortium are difficult to quantify.  See Arpin v. United States, 521 F.3d 769, 776 (7th Cir. 2008) (noting the challenge in calculating appropriate damages for loss of consortium).  Finally, Plaintiffs purchased numerous insurance policies from Defendants with varying dollar amounts of coverage, creating some ambiguity as to Defendant's ultimate liability.  See Martin, 546 U.S. at 141 ("[T]here is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases.").  Accordingly, this case does not qualify as one of those "unusual circumstances" warranting an award of costs and fees.  Id.

## II.

For the foregoing reasons, Plaintiffs' "Motion to Remand to State District Court" (Doc. # 15) is GRANTED under 28 U.S.C. 1447(c).  Plaintiffs' request for "payment of costs and actual expenses, including attorney's fees" (Doc. # 15) is denied.  Finally, because the Court lacks jurisdiction over this matter, Defendant's

"Motion for Summary Judgment" (Doc. # 22) is denied as moot.

SO ORDERED.

Entered for the Court
this the 7th day of April, 2009

_____

Bobby R. Baldock
United States Circuit Judge
Sitting By Designation